**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50210 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-03692-BEN |
| v. | |
| ARTURO CHAVEZ-MELGOZA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted April 11, 2017[**]

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Arturo Chavez-Melgoza appeals from the district court's judgment and

challenges the 37-month sentence imposed following his guilty-plea conviction for

importation of cocaine, in violation of 21 U.S.C. §§ 952, 960.  We have

jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Chavez-Melgoza argues that the district court erred in denying a minor role reduction to his base offense level under U.S.S.G. § 3B1.2(b). After Chavez-Melgoza was sentenced, the United States Sentencing Commission issued Amendment 794 ("the Amendment"), which amended the commentary to the minor role Guideline. The Amendment is retroactive to cases pending on direct appeal. *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016).

The Amendment clarified that, in assessing whether a defendant should receive a minor role adjustment, the court should compare him to the other participants in the crime, rather than to a hypothetical average participant. *See* U.S.S.G. App. C. Amend. 794; *Quintero-Leyva*, 823 F.3d at 523. In addition, the Amendment clarified that "[t]he fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative." U.S.S.G. § 3B1.2 cmt. n.3(C) (2015). Finally, the Amendment added a non-exhaustive list of factors that a court "should consider" in determining whether to apply a minor role reduction. *See id.* Because we cannot determine from the record whether the district court followed the guidance of the Amendment's clarifying language and considered all of the now-relevant factors, we vacate Chavez-Melgoza's sentence and remand for resentencing under the Amendment. *See Quintero-Leyva*, 823 F.3d at 523-24.

For purposes of resentencing, we note that because Chavez-Melgoza is safety valve eligible, he is exempt from the statutory minimum term of supervised release.  *See* U.S.S.G. § 5C1.2 cmt. n.9.

**VACATED and REMANDED for resentencing.**